# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JO ANN JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 4:08cv0259 TCM |
| ) | |
| CHAS. S. LEWIS & CO., INC., and ) | |
| ENVIROTECH PUMPSYSTEMS, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the Court[1] in this strict products liability and negligence action is a motion filed by plaintiff, Jo Ann Jones, individually and as administrator of the estate of William Oliver Jones, Deceased ("Jones"), to remand her case to the Circuit Court for St. Louis County, Missouri. [Doc. 10] Defendant, Envirotech Pumpsystems, Inc. ("Envirotech"), removed the action to federal court on the grounds that the other defendant, Chas. S. Lewis & Co., Inc. ("Lewis"), was fraudulently joined to prevent removal under 28 U.S.C. § 1441(b).

## Background

In her seminal complaint, Plaintiff listed her address as being in North Carolina. She named two defendants, Lewis, a Missouri corporation, and The Weir Group, PLC ("Weir"), a Scottish corporation. She then dismissed Weir and, in her first amended complaint, named Envirotech, a Delaware corporation. She alleges in her first amended complaint that Jones

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

died from severe chemical burn injuries after allegedly being "consumed in sulphuric acid" emitted by a sulphuric acid pump ("pump") designed, manufactured, distributed, and/or sold by both Defendants. (First Am. Compl. ¶ 8.) She seeks damages based on claims of strict product liability (Count I) and negligence (Count II) against both Defendants. (Id. ¶¶ 15, 17, 19.)

In its answer to the first amended complaint, Lewis admits it is a Missouri corporation with its principal place of business located in Missouri. (Lewis' Answer ¶ 2.) Envirotech admits it is a Delaware corporation. (Envirotech's Answer ¶ 2.) The parties do not dispute that Plaintiff is a resident of a state other than Missouri and Delaware.

Alleging that Lewis was fraudulently joined and its citizenship is irrelevant in determining whether or not removal is proper, Envirotech removed this action from the Circuit Court of St. Louis County to this Court. Plaintiff seeks remand to the state court on the ground Lewis was not fraudulently joined. Specifically, she argues that the allegations in her first amended complaint state causes of action against Lewis in negligence and strict liability and for wrongful death. In support of her argument, Plaintiff has submitted copies of numerous documents pertaining to the design, manufacture, and sale of the pump, and including Lewis' name. These documents are dated between 1998 and 2002.

In opposition to Plaintiff's motion to remand, Envirotech argues that Plaintiff "cannot establish material facts to support her claim." In support of its position, Envirotech has submitted an affidavit of Robert Hanssen, the President of the Lewis Pumps division of Envirotech, and two documents from the Missouri Secretary of State's Office. In particular, Hanssen avers that Lewis was originally formed in 1891 as Chas. S. Lewis & Company,

Incorporated. (Aff. ¶ 4.) A corporation purchased the assets and name, but not the stock, of that company in 1969. (Id. ¶ 5.) That corporation then changed its name to Chas. S. Lewis & Co., Inc., and operated a "business of manufacturing and selling sulphuric acid pumps." (Id. ¶ 6.) The original Lewis company "changed its name to 'CSL Liquidating, Co.' and was thereafter liquidated and dissolved." (Id. ¶ 7.) Later, another corporation purchased all of the capital stock of Chas. S. Lewis & Co., Inc., and assumed its assets and obligations. (Id. ¶¶ 8, 9.) That purchasing corporation also became the sole shareholder of a new corporate entity that had no assets and "was merely formed to hold the name 'Chas. S. Lewis & Co., Inc.'" (Id. ¶ 10.) Chas. S. Lewis & Co., Inc., subsequently ceased to exist when it merged into Baker Hughes USA, Inc., which had a division called "Baker Hughes Envirotech Pumpsystems Group" that included "[t]he pump manufacturing and selling business known as 'Lewis Pumps.'" (Id. ¶¶ 11, 12.) In 1994, Envirotech purchased Baker Hughes Envirotech Pumpsystems Group and "filed a Fictitious Name Registration with the Missouri Secretary of State, for doing business in the name of 'Chas. S. Lewis & Co., Inc.'" (Id. ¶¶ 14-16.) Subsequently, Defendant Lewis was formed "solely for the purpose of holding the corporate name" and "to prevent any other entity from forming a corporation under the same name, thus preserving the" Lewis name registration. (Id. ¶ 17.) Hanssen further avers that Lewis "has ten shares of stock issued and outstanding, having a par value of $10.00 per share[,] . . . is a separate and distinct entity from Envirotech[,] . . . has no tangible assets[,] . . . has never conducted business nor incurred liabilities[, and] has never designed, manufactured, distributed and/or sold sulphuric acid pumps." (Id. ¶¶ 18, 19.)

## Discussion

A defendant may remove a civil action filed in a state court to the proper district court if the district courts have original jurisdiction of the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction in all civil actions between citizens of different states, if the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Here, there is no dispute that all three parties are citizens of different states and that the amount in controversy exceeds $75,000.00. If Plaintiff had filed this lawsuit here, this Court would have had subject matter jurisdiction over her claims. Instead, however, Plaintiff filed this lawsuit in state court, and this Court must determine whether it may properly exercise its diversity jurisdiction over the case based on Envirotech's removal of the lawsuit to this Court.

A federal court's diversity jurisdiction is narrower in cases removed by a defendant than in cases originally filed in federal court by a plaintiff. **Hurt v. Dow Chem. Co.**, 963 F.2d 1142, 1145 (8th Cir. 1992). In removal cases, "[i]f one of the statutory requirements is not met, the district court has no jurisdiction." **Id.** The removal statute provides, in relevant part, that actions within a district court's diversity jurisdiction may only be removed from state court to a federal court when none of the parties who have been joined and served as defendants is a citizen of the state in which such action is brought. 28 U.S.C. § 1441(b). In this Circuit, removing a case within a district court's diversity jurisdiction to federal court when a defendant is a citizen of the forum state is a jurisdictional defect. **Horton v. Conklin**, 431 F.3d 602, 605 (8th Cir. 2005); **Hurt**, 963 F.2d at 1145-46. Therefore, a district court lacks jurisdiction over a case removed on the grounds of diversity jurisdiction when a served defendant is a citizen of the state where the plaintiff filed the lawsuit. **Hurt**, 963 F.2d at 1145. See also 14B Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Federal

Practice and Procedure, § 3723 (3d ed. 1998) ("Section 1441(b) explicitly provides, and the cases uniformly hold, that removal to federal court based on diversity of citizenship is available only if *none* of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action is brought . . . . For example, suppose a Texas plaintiff sues a California defendant in a California state court. The defendant cannot remove, even though the Texas plaintiff could have brought the same suit in a California federal court originally on the basis of diversity of citizenship jurisdiction."). Here, Plaintiff originally filed this action in a Missouri state court, Lewis is a citizen of Missouri, and Lewis has been served. It appears, then, that this Court lacks subject matter jurisdiction over the lawsuit due to the violation of the statutory prohibition against the presence of forum defendants in cases removed from state court based on the federal court's diversity jurisdiction.

When the federal court lacks subject matter jurisdiction over a removed case, the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c). If, however, a forum defendant is joined as a litigant solely to deprive a federal court of jurisdiction, that joinder is fraudulent and will not require remand. **Simpson v. Thomure**, 484 F.3d 1081, 1083 (8th Cir. 2007); **Anderson v. Home Ins. Co.**, 724 F.2d 82, 84 (8th Cir. 1984). In deciding whether or not the joinder of the forum defendant is fraudulent, this Court determines only "'whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" **Wilkinson v. Shackelford**, 478 F.3d 957, 963 (8th Cir. 2007) (quoting Filla v. Norfolk S. Ry., 336 F.3d 806, 811 (8th Cir.

2003)).² In resolving the fraudulent joinder issue, the Court may consider materials outside of the pleadings. **Petersen v. Rusch, Inc.**, No. 4:05CV01328ERW, 2006 WL 83492, at *2 and *2 n.2 (E.D. Mo. Jan. 12, 2006); **Parnas v. General Motors Corp.**, 879 F.Supp. 91, 93 (E.D. Mo. 1995). In considering such materials, however, this Court may only determine whether they establish facts supporting the claims, not whether they resolve the merits of the claims. **Reeb v. Wal-Mart Stores, In**c., 902 F.Supp. 185, 188 (E.D. Mo. 1995). "The burden of proof rests with the removing party." **Id.** at 187.

Here, there is no dispute that Missouri strict liability and negligence law permits an injured plaintiff to seek damages from the designer, manufacturer, distributor, and seller of a defective product causing injury and death. See, e.g., **Mouser v. Caterpillar, Inc.**, 4:98CV744FRB, 2000 WL 35552637, at *9 (strict liability and negligence are two theories of recovery in Missouri products liability law; elements for strict liability for defective design), *12 (elements for strict liability for failure to warn), *14 (strict liability imposes duty on manufacturer not to introduce into commerce an unreasonably dangerous product, "whether that danger arises from defective manufacture, defective design, or failure to warn of danger"), *15 (elements for negligent failure to warn) (E.D. Mo. Oct. 6, 2000); **Commercial Distrib. Center, Inc. v. St. Regis Paper Co.**, 689 S.W.2d 664, 667 (Mo. Ct.

---

²The fraudulent joinder cases cited by the parties do not address fraudulent joinder as a violation of the statutory prohibition against removal due to the presence of a forum defendant in a case having complete diversity of the parties, but instead address the issue in the context of the forum defendant's presence destroying complete diversity of the parties. See, e.g., **Anderson**, 724 F.2d 82; **Reeb v. Wal-Mart Stores, Inc.**, 902 F.Supp. 185 (E.D. Mo. 1995). The fraudulent joinder issue may be analyzed in the same way in both situations. **Maldonado v. Hartmann**, No. 4:07CV853CDP, 2007 WL 1862763, at *2 (E.D. Mo. June 28, 2007).

App. 1985) (in action for strict liability and negligence for the design, manufacture, and distribution of a refrigeration system and related components, an essential element of the plaintiff's case is to identify each named defendant as a designer, manufacturer, or supplier of the allegedly defective product).

The relevant issue is whether there is arguably a reasonable basis for predicting that state law might impose liability on Lewis in strict liability or negligence for its involvement in the design, manufacture, distribution, and/or sale of the pump in view of the allegations in the first amended petition as well as the documents presented by the parties. The documents submitted by Plaintiff indicate Lewis was involved in the design, manufacture, and sale of the pump that injured Jones. If so, there is an arguably reasonable basis for predicting state law would impose liability on Lewis on the negligence and strict liability claims of Plaintiff regarding injuries and death suffered by Jones due to the pump. The materials submitted by Envirotech, however, raise doubt about the extent of Lewis' participation in the design, manufacture, and sale of the pump. When "there is doubt whether the allegations with respect to the [forum] defendant are false, as when that question depends upon the credibility of witnesses and the weight of the evidence, the joinder is not fraudulent." **Morris v. E. I. Du Pont De Nemours & Co.**, 68 F.2d 788, 792 (8th Cir. 1934). Resolution of the veracity of the allegations regarding Lewis will depend on the credibility of witnesses and the weight of the evidence. Therefore, the joinder of Lewis as a defendant in this case is not fraudulent.

## Conclusion

This Court lacks subject matter jurisdiction over this removed diversity case because defendant Lewis is a citizen of the forum in which the lawsuit was originally filed and was not fraudulently joined as a defendant.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for remand of Jo Ann Jones is **GRANTED**. [Doc. 10]

**IT IS FURTHER ORDERED** that Clerk of Court is to remand this case to the Circuit Court for the Twenty-First Judicial Circuit (St. Louis County) for the State of Missouri for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of July, 2008.